UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ADRIAN COOPER, SR., Petitioner | CIVIL ACTION NO. 1:17-CV-832-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Adrian Cooper, Sr. ("Cooper") (#02705-025). Cooper is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Cooper challenges his sentence imposed in the United States District Court for the Southern District of Illinois.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Cooper was convicted of conspiracy to distribute and possession with intent to distribute over 500 grams of cocaine, and he was sentenced to a mandatory term of life imprisonment. United States v. Cooper, 39 F.3d 167 (7th Cir. 1994). On appeal, Cooper challenged the sufficiency of the evidence to support his conviction and the imposition of a mandatory life sentence. The conviction and sentence were affirmed. Id.

Cooper filed a motion to vacate under 28 U.S.C. § 2255, which was denied as time-barred. (3:97-cv-1041, S.D. Ill.; Doc. 10). The appellate court affirmed the dismissal. Cooper v. United States, 199 F.3d 898 (7th Cir. 1999).

Cooper subsequently filed three § 2241 petitions, which were denied and dismissed. (3:02-cv-1150, S.D. Ill.; 3:06-cv-747, S.D. Ill.; 3:10-cv-1041, S.D. Ill.).

Cooper then sought authorization in the Seventh Circuit Court of Appeals to file a second or successive § 2255 petition. In denying authorization, the appellate court stated:

> Mr. Cooper contends that the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), renders the calculation of his life sentence improper. He contends that his life sentence was predicated on a prior felony offense of aggravated assault that should not have been counted as a "violent felony" under the Armed Career Criminal Act ("ACCA"). His contentions are factually inaccurate; his life sentence was imposed under 21 U.S.C. § 841(b)(1)(A)(iii). Even if correct, the proposed claim does not satisfy the criteria for authorization because Begay does not announce a new rule of constitutional law. See 28 U.S.C. § 2244(b)(2)(A). Rather, it construes a statute.

(11-3128, 7th Cir.; Doc. 2).

Cooper filed another motion for authorization in the Seventh Circuit. In denying relief, the court stated:

> Cooper wants to argue a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act is unconstitutionally vague. But Cooper's life sentence depends, not on any residual clause, but instead on 21 U.S.C. § 841(b)(1)(A), which dictates a life sentence for anyone who, like Cooper, is convicted of a drug crime and has two prior felony drug convictions. United States v. Cooper, 39 F.3d 167, 173 (7th Cir. 1994) ("Substantial evidence supported Cooper's conspiracy conviction. A mandatory life sentence was properly imposed based on the total amount of crack cocaine involved in the conspiracy and Cooper's two prior felony convictions.").

2

(16-2224, 7th Cir.; Doc. 8).

In the § 2241 petition before this Court, Coopers claims his life sentence is unconstitutional under Mathis v. United States, 136 S.Ct. 2243 (2016).

II.   Law and Analysis

Coopers seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A prisoner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. See Pack, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims

3

should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

Cooper seeks to proceed under Mathis. However, Cooper has not shown that Mathis—which was a direct appeal of a sentence—sets forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared retroactive by the Supreme Court); United States v. Taylor, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (Mathis did not announce a new substantive rule).

In fact, the Supreme Court explicitly stated in Mathis that it was not announcing a new rule, and that its decision was dictated by decades of prior precedent. See Mathis, 136 S. Ct. at 2257; see also Teague v. Lane, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Cooper has not identified a Supreme Court case setting forth a new rule of constitutional law that has been made retroactive to cases on collateral review. Thus, he cannot meet the requirements of the savings clause.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Cooper's § 2241 petition be DENIED and DISMISSED with prejudice.

4

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge